UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANILO PURUGGANAN,<br>    *Plaintiff*, | No. 3:20-cv-00360 (KAD) |
| v. | |
| AFC FRANCHISING, LLC,<br>    *Defendant*. | June 4, 2020 |

MEMORANDUM OF DECISION RE:
DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 43)

Kari A. Dooley, United States District Judge:

Defendant AFC Franchising, LLC ("AFC" or the "Defendant") moves for reconsideration of this Court's May 13, 2020 decision denying AFC's motion to dismiss for improper venue (the "Ruling," ECF No. 39) on the grounds of a forum selection clause included in the Master Development Agreement ("MDA") executed between Plaintiff Danilo Purugganan ("Purugganan" or the "Plaintiff") and Doctors Express Franchising LLC ("Doctors Express"), AFC's predecessor-in-interest. In its previous memorandum of decision, the Court concluded that the MDA's forum selection clause, which provided that suit must be brought in the "state or judicial district in which we have our principal place of business at the time the action is commenced," did not reasonably notify Purugganan that he consented to suit in the state or judicial district in which a future, unknown assignee of Doctors Express had its principal place of business, when the MDA defined "our" and "we" as referring to Doctors Express. (*See* Ruling at 5–6.) The Court further concluded that it was not reasonably foreseeable to Purugganan that AFC would seek to enforce the forum selection clause as requiring that suit be brought in Alabama, the location of AFC's principal place

1

of business, when the MDA did not expressly contemplate that possibility. The Court assumes the parties' familiarity with the relevant underlying facts as identified in its prior memorandum of decision. For the reasons that follow, the Defendant's motion for reconsideration is DENIED.

**Standard of Review**

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "If 'the moving party is seeking solely to relitigate an issue already decided,' the court should deny the motion for reconsideration and adhere to its prior decision." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 290 (D. Conn. 2008) (quoting *Shrader*, 70 F.3d at 257) (alterations omitted); *see also Young v. Choinski*, 15 F. Supp. 3d 194, 197 (D. Conn. 2014) ("It is well-settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'") (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks omitted)).

**Discussion**

AFC submits two arguments in support of its motion for reconsideration. First, it cites the basic contract principle "that an assignee stands in the shoes of its assignor" in arguing that the Court should have construed the provisions in the forum selection clause referring to "we" and

"our" as extending to any assignee of Doctor's Express, including AFC.  (Def.'s Mem. ¶¶ 6–12, ECF No. 44 (quoting *Rumbin v. Utica Mut. Ins. Co*., 254 Conn. 259, 277, 757 A.2d 526 (2000) (quotation marks omitted).)  Second, it asks this Court to reconsider its decision to distinguish a number of non-binding cases which were cited by AFC in its motion to dismiss regarding the enforcement of "floating" forum selection clauses.  (*Id*. ¶ 13.)  Neither of these arguments meets the strict standard warranting reconsideration.

      First, AFC's contention that the Court should construe the contract language referring to "we" and "our" as including any party that succeeded to the rights of Doctors Express is simply a repackaging of its previous argument that the Court should consider the contract as a whole and find that any and all provisions applicable to Doctors Express are binding on its assignees.  (*See* Def.'s Reply at 6–7, ECF No. 35.)  And the second argument—that the Court should reconsider its decision to distinguish a number of non-binding cases from other jurisdictions involving floating forum selection clauses—is virtually copied and pasted from its original reply brief.  (*Compare* Def.'s Mem. ¶ 13 *with* Def.'s Reply at 4–5.)  Because these arguments constitute nothing more than an effort "to relitigate an issue already decided," *Collins*, 581 F. Supp. 2d at 290, or to "present[] the case under new theories," *Young*, 15 F. Supp. 3d at 197, they do not provide a basis for reconsideration.  And nor has AFC identified any controlling authority or evidence that the Court overlooked, *see Van Buskirk*, 935 F.3d at 54, which also supports denial of the instant motion.

      Notwithstanding, even considering these arguments anew, the Court remains unpersuaded that the MDA's forum selection clause requires that this suit be litigated in Alabama.  Indeed, perhaps the only analytical point that the Court might clarify from its prior memorandum of decision is that, in the Court's view, this is not a close call.  What AFC asks this Court to do—

apply a floating forum selection clause to a future, unknown and unidentified assignee of a contracting party absent express language extending the forum selection provision to that party's assignee or successor-in-interest—reaches so far beyond the available case law upholding floating forum selection clauses that even if the cases AFC cites were binding on the Court (which they are not), the Court would still find them distinguishable for the very reasons articulated in its previous memorandum of decision.  (*See* Ruling at 6–7.)

Nor does the Court accept AFC's argument that declining to enforce the forum selection clause will give rise to selective enforcement of the MDA insofar as Purugganan seeks to hold AFC liable for breach of other MDA provisions applicable to AFC as successor to Doctors Express.  In its decision, the Court did not purport to interpret any provision of the MDA other than the forum selection clause and the Court expresses no view as to the merits of the Plaintiff's claims with respect to any other contractual obligation.  Indeed, courts are frequently called upon to determine, as a threshold matter, the enforceability of a forum selection clause and such a determination is often distinct from the adjudication of the the underlying contract dispute.  *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Seneca Family of Agencies*, 255 F. Supp. 3d 480, 487 (S.D.N.Y. 2017) (explaining, in cases involving arbitration agreements, that "courts have concluded that the interpretation, enforceability, and validity of litigation forum selection clauses present questions of litagability for the courts that is antecedent (and unrelated) to the merits of an action"); *Gordian Grp., LLC v. Syringa Expl., Inc.*, 168 F. Supp. 3d 575, 583 (S.D.N.Y. 2016) (declining to find forum selection clause enforceable but noting that in so doing "the Court need not determine whether Defendant is bound by the Agreement as a whole"); *KT Exp. v. Wolf Canyon of Am., Inc.*, No. 09-CV-7123 (BSJ), 2011 WL 2565694, at *3 (S.D.N.Y. June 18, 2011) (concluding that the court would not reach the merits of the defendant's motion for summary

judgment after determining that valid forum selection clause required that the claims be brought in another forum).

Even accepting that AFC stands in the shoes of Doctors Express, as its assignor, as a general matter, it simply cannot be the case that the forum selection clause extends automatically to the location of AFC's principal place of business when the clause specifically tethers the designated forum to a variable that is *only* defined in relationship to the original contracting party—Doctors Express. The Plaintiff correctly points out that interpreting the clause in the manner AFC urges would be tantamount to writing a new provision—one to which neither Purugganan nor Doctors Express, as AFC's predecessor, ever agreed. As the Court previously held, such an interpretation would flout the requirements under federal law that the forum selection clause have been reasonably communicated to Purugganan and that its enforcement by AFC, as a non-signatory, was reasonably foreseeable to him. (*See* Ruling at 7–9.)

Additionally, and as previously noted, even if the Court were to stretch so far as to find the forum selection clause reasonably communicated to Purugganan and reasonably foreseeable with respect to its enforcement by AFC, federal common law permits the Court to decline to enforce a forum selection clause when to do so would create an injustice and contravene the policies otherwise favoring enforcement. (*See* Ruling at 9.) The Court rendered its previous decision mindful of the fact that the Defendant's interpretation would ostensibly subject the Plaintiff to suit in the location of the principal place of business of *any* future assignee of Doctors Express—no matter how far flung the forum or how foreseeable the assignment. Yet federal common law generally favors the enforcement of forum selection clauses to prevent uncertainty, not to create it. *See, e.g.*, *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 722 (2d Cir. 2013) ("Forum selection clauses have the salutary effect of dispelling any confusion about where suits

arising from the contract must be brought and defended, . . . They also . . . ensure that parties will not be required to defend lawsuits in far-flung fora, . . . and promote uniformity of result.") (quotation marks, alterations, and citations omitted); *see also Gordian Grp.*, 168 F. Supp. 3d at 583 (neglecting to enforce forum selection clause as it would "contravene[] the federal policies that support enforcing such clauses" when the clause at issue "fails to reduce uncertainties about where suit may be brought at the time [the parties] executed the Agreement") (quotation marks, alterations, and citation omitted). In short, to enforce the forum selection clause in these circumstances would be to promote the epitome of uncertainty—blindsiding the Plaintiff with an obligation to litigate in Alabama—a forum completely inscrutable from the text of the contract. *Cf. Jig Third Corp. v. Puritan Marine Ins. Underwriters Corp.*, 519 F.2d 171, 179 (5th Cir. 1975) ("One can buy a pig in a poke, but only if the parties fashion their contract and compound their words with the pig's possible infirmities in mind.").

**Conclusion**

For the foregoing reasons, AFC's motion for reconsideration is denied.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of June 2020.

>*/s/ Kari A. Dooley*
>KARI A. DOOLEY
>UNITED STATES DISTRICT JUDGE