UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANILO PURUGGANAN,<br>*Plaintiff*, | No. 3:20-cv-00360 (KAD) |
| v. | |
| AFC FRANCHISING, LLC,<br>*Defendant*. | January 27, 2021 |

**MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION (ECF NO. 105)**

Kari A. Dooley, United States District Judge:

Plaintiff Danilo Purugganan ("Purugganan" or the "Plaintiff") has moved pursuant to Fed. R. Civ. P. 65 for a temporary restraining order ("TRO") and preliminary injunction against Defendant AFC Franchising, LLC ("AFC" or the "Defendant") to restrain AFC's recent termination of a Master Developer Agreement ("MDA") executed between Purugganan and Doctors Express Franchising LLC ("Doctors Express"), to which AFC succeeded as the assignee of Doctors Express. The parties' familiarity with the procedural history of this case and the allegations in the complaint is presumed. For the reasons that follow, the motion is DENIED without prejudice to renewal following a determination of Plaintiff's pending motion for leave to amend.

**Legal Standard**

"Issuance of preliminary injunctive relief, such as a TRO or preliminary injunction, is an 'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409

1

F.3d 506, 510 (2d Cir. 2005)).  "When considering whether to issue a temporary restraining order, the court employs the same standard used to review a request for a preliminary injunction." *Baltas v. Maiga*, No. 3:20-CV-1177 (MPS), 2020 WL 6275224, at *20 (D. Conn. Oct. 26, 2020).  This standard requires the moving party to "establish '(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction.'" *Kelly v. Honeywell Int'l, Inc.*, 933 F.3d 173, 183–84 (2d Cir. 2019) (quoting *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009)).

**Discussion**

The Plaintiff's motion for temporary restraining order and preliminary injunction—the second such motion advanced by the Plaintiff within two months—is predicated on events that only recently transpired between the parties.  The Plaintiff represents that on January 7, 2021, he received a letter dated December 30, 2020 from AFC informing him that AFC deemed him "to be in material breach of the Master Developer Agreement" as a result of his filing the instant lawsuit in Connecticut, which AFC deemed to constitute a violation of the MDA's forum selection clause. (Pl.'s Mem. at 3, ECF No. 106.)  The letter accordingly stated that "your Master Developer Agreement dated August 26, 2009 is hereby terminated."  (*Id.*; *see also* Purugganan Decl. ¶ 10, ECF No. 107.)

The forum selection clause that is the basis of the parties' dispute provides in relevant part that Purugganan "agree[s] that all actions arising under this Agreement or otherwise as a result of the relationship between you and us must be commenced in a state or federal court of competent jurisdiction within such state or judicial district in which we have our principal place of business at the time the action is commenced, and you (and each owner) irrevocably submit to the jurisdiction of those courts and waive any objection you (or the owner) might have to either the

jurisdiction of or venue in those courts." (MDA ¶ 19.7, ECF No. 1-1.) This Court previously declined to enforce the forum selection clause as requiring that suit be brought in Alabama, where AFC's principal place of business is located, finding that the clause did not reasonably communicate to Purugganan his agreement to suit in the jurisdiction in which a future unknown and unidentified assignee of Doctors Express such as AFC was located, and that AFC's enforcement of the forum selection clause was not sufficiently foreseeable to Purugganan. (*See* Order Denying Mot. to Dismiss, ECF No. 39; Order Denying Mot. for Recons., ECF No. 51.) Left unanswered by the parties' prior litigation over this question, and disputed in the context of the instant motion, is whether the MDA nonetheless required that Purugganan file suit in Maryland, where Doctors Express maintained its principal place of business. (*See* Compl. ¶ 43.)

In asking the Court to issue a TRO and preliminary injunction, Purugganan argues that AFC's basis for terminating the MDA was unlawful and constitutes a breach of the parties' agreement. He cites this Court's previous rejection of AFC's position that suit must be brought in Alabama in support of his argument that he is likely to succeed on the merits of his claim. AFC does not dispute the fact that it unilaterally terminated the MDA, yet it maintains that such termination was proper because, at a minimum, Purugganan breached the MDA by failing to file suit in Maryland.

The Court cannot wade into the substance of the parties' disagreement at this juncture because, as a threshold matter, this breach of contract claim, even if meritorious, is not contained in the operative complaint.[1] Success on the merits necessarily refers to the merits of the underlying claims. Accordingly, the Court cannot enjoin AFC based upon alleged conduct that falls outside

---

[1] While the complaint asserts a breach of contract claim against AFC for AFC's planned acquisitions of certain franchises within the Plaintiff's territory, it does not allege a breach of contract arising out of AFC's recent unilateral termination of the MDA based on the forum selection clause.

the scope of the dispute framed by the operative complaint. *See, e.g.*, *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *Steele v. United States*, No. 1:14-CV-1523 (RCL), 2020 WL 7123100, at *3 (D.D.C. Dec. 4, 2020) (denying motion for preliminary injunction: "because the operative complaint in this matter—the second amended complaint—does not challenge the PTIN renewal requirement, the Court cannot preliminarily enjoin the IRS from requiring PTIN renewals"); *Empire Indus. Inc. v. Winslyn Indus., LLC*, 327 F. Supp. 3d 1101, 1108 (N.D. Ill. 2018) (noting that "[t]he scope of injunctive relief is limited to the contractual theory [plaintiff] put forward").

Indeed, many courts in this Circuit have likewise denied motions for injunctive relief where the plaintiff sought to enjoin conduct that was not related to the relief sought or the conduct alleged in the underlying complaint. *See, e.g.*, *Torres v. UConn Health*, No. 3:17-CV-00325 (SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (explaining that "[p]reliminary injunctive relief is available only to redress injuries that are related to the conduct giving rise to the complaint" and citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945), for the proposition that a "preliminary injunction [is] appropriate to grant intermediate relief of 'the same character as that which . . . may be granted finally,' but inappropriate where the injunction 'deals with a matter lying wholly outside the issues in the suit.'"); *Lopez v. McEwan*, No. 3:08-CV-678 (JCH), 2009 WL 179815, at *2 (D. Conn. Jan. 23, 2009) ("Because the plaintiff's allegations and request for relief . . . are unrelated to the claims in the Complaint, . . . the request for injunctive relief as to claims subsequent to the Complaint is inappropriate") (citing *De Beers*, 325 U.S. at 220); *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 61 (D. Conn. 2003) (denying inmate's request for injunctive relief because, *inter alia*, it was based on allegations that were different and unrelated to the facts

pled in the underlying complaint); s*ee also Crichlow v. Fischer*, No. 9:17-CV-00194 (TJM) (TWD), 2017 WL 6459512, at *1 (N.D.N.Y. Dec. 18, 2017) (explaining that the "Plaintiff cannot amend the . . . Complaint by bringing a motion for a preliminary injunction complaining about subsequent conduct" and denying motion for preliminary injunction "without prejudice to being asserted in a new action complaining about the conduct underlying the motion").

In likely recognition of this procedural and substantive hurdle, the Plaintiff filed a motion for leave to amend the complaint on January 26, 2021, seeking to include the new allegations that AFC further breached the MDA when it unilaterally terminated the MDA—the basis for his motion for a restraining order and preliminary injunctive relief. (ECF No. 115.) The Plaintiff's motion includes a representation that AFC opposes the motion to amend. Because the Court cannot take up the instant motion unless and until the Plaintiff's new allegations are included in the operative complaint, the Plaintiff's motion for TRO and preliminary injunction is denied without prejudice to renewal following resolution of the pending motion for leave to amend.

**Conclusion**

For the foregoing reasons, the motion for temporary restraining order and preliminary injunction is denied without prejudice.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of January 2021.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE