**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANILO PURUGGANAN, | ) | No. 3:20-CV-00360 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AFC FRANCHISING, LLC, | ) | NOVEMBER 15, 2021 |
| *Defendant.* | ) | |

**MEMORANDUM OF DECISION**
**RE: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO**
**DEFENDANT'S COUNTERCLAIMS (ECF NO. 132)**

Kari A. Dooley, United States District Judge:

Plaintiff Danilo Purugganan ("Purugganan" or the "Plaintiff") has moved for judgement on the pleadings as to the four counterclaims asserted by Defendant AFC Franchising, LLC ("AFC" or the "Defendant") on the grounds that Defendant has failed to state any claim upon which relief may be granted. Specifically, Plaintiff asserts that each of Defendant's counterclaims rely on the enforcement of the forum selection provision of the Master Developer Agreement (MDA), which this Court has already determined is unenforceable to the extent it would require that this litigation be commenced in Alabama. Therefore, Plaintiff asserts, Defendant's counterclaims cannot survive.

The parties' familiarity with the procedural history of this case and the allegations in the complaint and counterclaims is presumed. The Court has considered Purugganan's memorandum in support of the motion for judgement on the pleadings and AFC's response.

For the reasons set forth below, Plaintiff's motion for judgment is GRANTED in part and DENIED in part.

1

**Legal Standard**

"A party may move for judgment on the pleadings 'if, from the pleadings, the moving party is entitled to judgment as a matter of law.'" *Rojas v. Berryhill*, 368 F. Supp. 3d 668, 669 (S.D.N.Y. 2019) (quoting *Burns v. Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14, 16 (2d Cir. 1995)). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)). Under this standard, the Court must accept the complaint's factual allegations as true and must draw inferences in the plaintiff's favor. *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015).

Moreover, the motion must be decided on 'facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference and matters of which judicial notice may be taken.'" *Lunardini v. Mass. Mut. Life Ins. Co.*, 696 F. Supp. 2d 149, 155 (D. Conn. 2010) (quoting *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999)) (brackets omitted). The "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Accordingly, 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678) (brackets omitted).

**Discussion**

AFC has asserted four counterclaims, three of which are still contested.[1] Count One seeks various declaratory judgments, Count Two alleges a breach of the MDA, and Count Four alleges intentional interference with business or contractual relations.

### Count One – Declaratory Judgment

In Count One of the counterclaims, AFC seeks a declaratory judgment that: (a) the forum selection clause of the MDA requires any litigation between the parties to be conducted in Alabama, and (b) the limited exclusivity clause of the MDA in fact allows AFC to develop franchises within the Plaintiff's territory. (ECF No. 49). AFC also seeks an award of costs incurred in obtaining Purugganan's compliance with the MDA, including attorneys' fees. *Id.*

As to the request that the Court declare that the MDA's forum selection clause requires any litigation to be brought in Alabama, Plaintiff argues that the Court has already held that the specific forum selection provision at issue did not require that this litigation be commenced in Alabama. (ECF No. 132). Accordingly, Plaintiff asserts that this determination is "law of the case" and he is entitled to judgment as to this issue. *See Ali v. Mukasey*, 529 F.3d 478, 290 (2d Cir. 2008) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (explaining that although not binding, law of the case doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent 'cogent and 'compelling' reasons"). Plaintiff is correct. In the Court's May 13, 2020 Memorandum of Decision Re: Defendant's Motion to Dismiss, for reasons not reiterated herein, the Court found that "because it was not reasonably communicated to the Plaintiff that he agreed to suit in the jurisdiction in which an unknown…assignee of Doctors Express has its

---

[1] AFC concedes that Count Three of its counterclaims, alleging abuse of process, must be dismissed given the Court's prior ruling that Maryland law applies to this case. (ECF No. 145.) The Court does not therefore further address this claim.

principal place of business, and because enforcement…was not sufficiently foreseeable…the forum selection clause is not entitled to a presumption of enforceability." (ECF No. 39 at 9.) Notwithstanding, in AFC's opposition to Purugganan's motion for judgment, it argues that this Court's law of the case analysis is of "limited guidance" given the pending appeal before the Eleventh Circuit on the question of whether Alabama is the required venue for this litigation.[2] (ECF No. 145 at 2.) As the appeal before the Eleventh Circuit remains pending, the Court disagrees.[3]

AFC argues in the alternative that the Court's holding regarding the unenforceability of the forum selection clause does not answer the question of where outside of Alabama venue may be proper. In other words, even if Alabama is not the required venue, there is an outstanding question of whether Connecticut is an appropriate venue under the MDA. If Connecticut is an improper venue, then Purugganan's filing of the instant suit here could be a breach of the forum selection clause. While it is true that the Court has yet to determine whether Connecticut is a proper venue, Defendant's counterclaim does not ask for a judgment regarding venue in Connecticut. It seeks only "a declaration…construing the forum selection clause…[to] establish that the venue of any litigation is to be pursued in Alabama." (ECF No. 49 at 15.) Accordingly, Plaintiff's motion for judgement on the pleadings as to this request for declaratory relief is granted.

As to the request for a declaration that the limited exclusivity clause allows AFC to develop company-owned franchises in Plaintiff's territory, Plaintiff's memorandum in support of its motion for judgment on the pleadings fails to address this request in any fashion. (ECF No. 132.) Nor does Plaintiff address the request that the Court award AFC its costs incurred in obtaining the

---

[2] The appeal before the Eleventh Circuit is still pending as of November 15, 2021.
[3] As the court has previously indicated, if the Eleventh Circuit Court of Appeals determines that the forum selection clause is enforceable by AFC against Purugganan, then this Court will likely honor that determination, regardless the Court's own differing opinion.

Defendant's compliance with the Master Services Agreement, including without limitation reasonable attorneys' fees incurred. Plaintiff's motion for judgment with respect to these requests for relief is therefore denied.[4]

For these reasons, the motion for judgment on the pleadings with respect to Count One is granted in part and denied in part.

### Count Two – Breach of Contract

In Count Two AFC alleges that by filing the instant suit in the District of Connecticut, Purugganan violated the forum selection provision of the MDA. (ECF No. 49). AFC incorporates all the allegations made in its first counterclaim and further alleges that it has suffered damages due to the breach of the MDA. *Id.* As was the case with Count One, Count Two is premised on the argument that Alabama is the required venue for this litigation under the MDA. If Purugganan is not bound to litigate in Alabama – which he is not – selecting a forum other than Alabama would not be a breach of the MDA. Again, Defendant is correct that this Court has not decided the question of whether Connecticut is an appropriate venue as opposed to Maryland; it has only ruled that Alabama is not the *required* venue under the MDA. The Court is constrained by the allegations, which, as noted above assert that the breach occurred in failing to file this lawsuit in Alabama. Accordingly, Plaintiff is entitled to judgment on the pleadings as to this alleged breach of contract in Count Two.

---

[4] Although not a common occurrence, the Court can – and here does – render judgment with respect to only one portion of the claims asserted in Count One of the counterclaims. *See Aetna Cas. & Sur. Co. v. Giesow*, 412 F.2d 468, 470 (2d Cir. 1969) (finding that it is the claims at issue rather than the number of formal counts which determines whether summary judgment may be sought); *Rieser v. Baltimore & Ohio Railroad Co.*, 224 F.2d 198, 199 (2d Cir. 1955) (the test for multiple claims is whether the underlying factual bases for recovery state a number of different claims which could have been separately enforced). Where a single count can be construed to contain more than one distinct claim, the Court may take up dispositive issues with respect to the distinct claims, even though they appear in a single count. *See e.g., Bloom v. Lauretti*, No. 3:17-cv-1367(SRU), 2018 WL 780219, at *3 (D. Conn. Feb. 8, 2018) (in which the Court granted a defendant's motion to dismiss as to half of Count Two and denied the motion to dismiss as to the other half of Count Two). Under this principle, Count One of the counterclaims is best understood as a grouping together of multiple, distinct claims seeking declaratory relief.

Count Two also alleges that by filing the instant suit, Purugganan seeks to violate provisions of the MDA that allow AFC to operate company-owned stores within his development territory. While the theory of liability alleged in this regard is elusive, at best, Plaintiff's memorandum in support of its motion for judgment on the pleadings does not address this allegation, so the motion is denied with respect to this specific claim within count Two. *See* Footnote 4, *supra.*

For these reasons, the motion for judgment on the pleadings with respect to Count Two is granted in part and denied in part.

**Count Four – Intentional Interference with Business or Contractual Relations**

In Count Four AFC alleges that Purugganan intentionally interfered with its business or contractual relations, specifically, that Purugganan threatened, harassed, and attempted to intimidate AFC, in clear disregard of and in interference with the company and its franchisees' rights under their respective franchise agreements. (ECF No. 49.) In its motion for judgment, Plaintiff claims that Defendant has not plead any of the required elements of tortious interference: (1) intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.[5] (ECF No. 132.) Purugganan argues that AFC has not shown any intentional or willful acts of Purugganan that caused damage without right or justifiable cause or malice nor any actual damages. Further, Plaintiff asserts that the very same arguments advanced by Defendant when challenging Plaintiff's tortious interference claim, *see* Defendant's Motion to Dismiss, ECF

---

[5] These are the elements of a tortious interference with prospective economic relations claim, which is puzzling because Count Four of the counterclaims alleges the related, though separate tort of tortious interference with business or contractual relations, specifically the franchise agreements between AFC and its franchisees. And although Plaintiff accurately articulates the elements of this tort, the corresponding citation for these elements is incomprehensible.

No. 58, must also be applied to the counterclaim with the same result: a judgment on the pleadings in favor of the non-movant, *see* ECF No. 127.

In response, AFC acknowledges, albeit in a footnote, that the counterclaim asserting intentional interference with contractual relations is not sufficiently plead because it is without an essential element – breach of the contract at issue by a third party.[6] (ECF No. 145.) Nonetheless, AFC asserts it has stated a claim for tortious interference with prospective economic relations – as opposed to an intentional interference with business or contractual relations – under Maryland law as previously analyzed by the Court. (ECF No. 127.) Again, the Court is constrained by the actual allegations and whether AFC could assert such a claim is distinct from whether the counterclaim actually does so. And AFC cannot amend its pleadings with a memorandum of law. *See Datto Inc. v. Braband*, 856 F. Supp. 2d 354, 364 (D. Conn. 2012) (finding a plaintiff could not amend its complaint through a memorandum of law after raising a new argument in its Memorandum in Opposition to defendant's Motion for Judgement on the Pleadings).

A review of the allegations in Count Four (which is conspicuously labeled as a tortious interference with business or contractual relations), reveals that they do not plausibly allege a claim for tortious interference with economic relations under Maryland law. The allegations, which largely reflect the contract dispute, contain only conclusory allegations that do not support a finding as to Purugganan's intent or purpose, the presence of malice or whether the conduct was without justification. Indeed, these elements simply appear nowhere in Count Four of the counterclaims.

---

[6] As previously articulated, tortious interference with contract is a recognized cause of action in Maryland comprised of five elements: "(1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract; and (5) resulting damages to the plaintiff." *Ellicott Dredges, LLC v. DSC Dredge, LLC,* 280 F. Supp. 3d 724, 729 (D. Md. 2017) (quoting *Fowler v. Printers II, Inc.,* 89 Md. App. 448, 466, 598 A.2d 794 (Md. Ct. Spec. App. 1991).

As AFC has conceded that it has not adequately pleaded tortious interference with business or contractual relations claim, the motion for judgment on the pleadings as to Count Four is granted.

**Conclusion**

For the foregoing reasons, and in accordance with the above, the Plaintiff's motion for judgment on the pleadings is granted in part and denied in part.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of November 2021.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE