UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DANILO PURUGGANAN,                    :
                                      :
        Plaintiff,                    :
                                      :
        v.                            :      CASE NO. 3:20cv360(KAD)
                                      :
AFC FRANCHISING, LLC,                 :
                                      :
        Defendant.                    :

RULING ON PENDING MOTIONS

Pending before the court is Defendant AFC Franchising,
LLC's ("AFC") Motion to Reopen Discovery for a limited purpose
(Dkt. #252) and Plaintiff's Motion to compel supplemental
discovery (Dkt. #266).  For the reasons that follow, defendant's
motion is GRANTED and plaintiff's motion is DENIED.

**Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure
provides that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's
> claim or defense and proportional to the needs of the
> case, considering the importance of the issues at stake
> in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving
> the issues, and whether the burden or expense of the
> proposed discovery outweighs its likely benefit.
> Information within this scope of discovery need not be
> admissible in evidence to be discoverable.

"Discovery under the Federal Rules of Civil Procedure is a conditional and carefully circumscribed process." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016), as amended (June 15, 2016). "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence during discovery." Spencer v. Int'l Shoppes, Inc., No. CV 06-2637 AKT, 2011 WL 3625582, at *1 (E.D.N.Y. Aug. 16, 2011.)

When determining whether to reopen discovery, Courts will consider a variety of factors, specifically:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Id. at *2.

Put even more simply, "[a] finding of good cause depends on the diligence of the moving party." Namin v. Broadridge Fin. Sols., Inc., No. 3:22-CV-749 (RNC), 2023 WL 10802679, at *1 (D. Conn. July 17, 2023.)

### Discussion

### A. AFC's Motion to Re-open Discovery on a Limited Basis

Plaintiff, Danilo Purugganan, is the former owner of a Master Development Agreement ("MDA") which was entered into with

Doctors Express.  Defendant, AFC Franchising, purchased the assets of Doctors Express, including taking the assignment of plaintiff's MDA.  Plaintiff, following the acquisition by AFC, filed this lawsuit arguing that AFC violated plaintiff's MDA by operating corporate owned urgent care facilities in plaintiff's territory.  Plaintiff alleged that the MDA granted him an exclusive right to operate such facilities in the assigned territory.

Discovery in this matter closed on November 30, 2021. (Dkt. #177.) AFC indicates in its motion that after the close of discovery, AFC uncovered information that appears to indicate that the plaintiff and other Master Developers had worked together "to fund and bring [the] litigation against AFC, in an effort to achieve business leverage by draining AFC's resources."  (Dkt. #252 at 2.)  AFC alleges that the group of Master Developers funded the litigation, with a belief that protracted and costly litigation ending in plaintiff's favor was beneficial to all of the Master Developers.  Further, AFC alleges that the Master Developers were kept abreast of the ongoing litigation and that plaintiff's counsel supplied legal documents to the group, which AFC alleges may have been marked as confidential under a protective order entered in this case. (Dkt. # 252 at 5.)

3

Considering this newly uncovered information, AFC argues
that it should be permitted to reopen discovery for the limited
purpose of obtaining discovery related to the Master Developer
group and its funding mechanism.  AFC specifically argues that
the new information is relevant to the case for a number of
reasons.  First, that the MDA contained provisions which
prohibited plaintiff from harming AFC's goodwill, or from being
engaged in any unethical or dishonest conduct, which AFC argues
the group of Master Developers was trying to do in funding and
protracting this litigation.  AFC argues this would potentially
provide defenses to AFC that AFC was unable to pursue in light
of the information being withheld.  (Dkt. #252 at 11.)  Second,
plaintiff seeks attorney's fees in this litigation.  AFC argues
that plaintiff's fees have been paid by the group of Master
Developers and that any award of fees would thus result in a
windfall to plaintiff. (Dkt. #252 at 11-12.)  Additionally, AFC
argues that plaintiff may have violated the protective order;
that the information is relevant to AFC's own counterclaim to
recover costs and fees, which have allegedly been amplified; and
because the other Master Developers have an interest in the
financial recovery as there is a question as to whether the
other Master Developers will share in any recovery that
plaintiff receives.  (Dkt. #252 at 12.)

4

Plaintiff objects to the motion to reopen discovery on a number of grounds, primarily: (1) the defendants knew of, but failed to raise this issue in October of 2020, (2) the plaintiff was not privy to the communication and the only people involved in the communications that were withheld are non-parties, (3) the defendant should have uncovered the emails during its responses to plaintiff's discovery requests, and (4) that this is a gateway motion to delve further into the issues related to venue.

A. Whether the Plaintiffs Have Established Good Cause for Reopening Discovery

As stated earlier, in making this determination, the Court should evaluate a number of factors.

1. <u>Imminence of trial</u>

AFC filed the motion to reopen discovery in January of 2024. (Dkt. #252.)  Trial in this matter is currently scheduled for November 2024.  AFC's motion was filed well in advance of trial and a reasonable amount of time following AFC's discovery of the emails at issue in this motion.  The Court does not believe that this factor weighs heavily in either party's favor.  Additionally, given the discussion of other factors, this factor does not carry much weight in this matter.

2. Whether the request is opposed

The motion to reopen discovery is opposed in this case. (Dkt. #255). As discussed above, plaintiff raises a variety of objections to this request.  Notably, plaintiff argues that AFC failed to raise this issue with the Court in October of 2020, that AFC should have located the emails, that plaintiff was not privy to the emails, and that this is a gateway to other discovery related to the issue of venue.

3. Whether the non-moving party would suffer prejudice

The Court finds that the non-moving party, the plaintiff, would not suffer prejudice if the Court grants the motion to reopen discovery for the limited purpose of allowing discovery related to the funding mechanism.  It appears that these emails are likely easily obtained and given that some of the emails may exist outside the email system of AFC, plaintiff and his counsel are the individuals who are most equipped to locate and produce any responsive emails.

4. Whether the need for this discovery was foreseeable

The need for this discovery was clearly foreseeable to plaintiff.  As an initial matter, it does appear that AFC tried to explore these issues during discovery and the plaintiff's responses were, at best, not completely accurate. AFC served

discovery requests on the plaintiff which inquired about this topic (i.e., Interrog. #14, Req. for Prod. #3, #4, and #5). (Dkt. #252 at 6.)  Further, as shown by the excerpts from plaintiff's deposition, including the quote from the objection that plaintiff's counsel made, it is clear that AFC attempted to delve into these very topics during plaintiff's deposition. (Dkt. #252 at 6-10; dkt. #252-2 at 3-14; and dkt. #255 at 4-6.)  Plaintiff's responses to the various discovery requests were not accurate and he did not produce the e-mails in question, despite the fact that the e-mails appear to be responsive to some of AFC's discovery requests.

Further, as argued in AFC's response to plaintiff's opposition, plaintiff always has a duty to supplement his discovery responses.[1]  AFC was not required to assume that plaintiff's discovery responses were inaccurate or incomplete such that AFC was obligated to conduct a random search of AFC's computer system in order to determine if plaintiff's discovery responses were accurate or complete.

Further, the Court notes that AFC has provided a reasonable explanation for not having located the emails on its own.

---

[1] Plaintiff argues that he and his wife are not part of and are not copied on the messages. (Dkt. #255 at 7.) However, based on the reasons articulated in AFC's brief (dkt. #257 at 3-4) the Court cannot make such a factual determination in this instance.

7

Notably, the emails were only discovered after a former
franchisee and MDA holder, Timothy Groves, ended his
relationship with AFC and made a request to have post
termination access to his former e-mail account at AFC.  This
request prompted AFC to search Mr. Groves' e-mail account at AFC
for any unusual activity. (Dkt. #252-1 at 1-2.)  During the
course of that search, AFC located some of the emails at issue.
(Id.)  In contrast, the court finds that the plaintiff, at the
very latest, foresaw the need for the requested information when
the defendant asked about it during plaintiff's deposition or
when plaintiff was served with the aforementioned discovery
requests.

            5. Whether the discovery is likely to lead to
               relevant evidence

     The information requested here is likely to lead to
potentially relevant evidence.  First, and quite clearly, any
information about the Master Developers' alleged scheme is
highly relevant to any future damages determination or attorney
fee calculation.  Additionally, in this instance, the alleged
scheme to litigate in order to hurt AFC financially appears to
pre-date AFC's termination of plaintiff's Master Developer
Agreement.  Plaintiff's MDA required him to refrain from
engaging in any activity which might injure AFC's goodwill and
provided that plaintiff could immediately be terminated if he

engaged in any dishonest or unethical conduct which, in AFC's opinion, would adversely affect AFC's reputation or goodwill. *See* Dkt. #252 at 11 (quoting MDA Section 16.2(e))

Further, plaintiff's alleged misconduct would also be relevant to plaintiff's request for equitable relief. <u>Mona v. Mona Elec. Group</u>, 176 Md. App. 672, 713 (2017). Finally, the e-mails that AFC has quoted in its brief appear to suggest that documents from this case may have been shared with the other Master Developers. Given that there is a judicially imposed protective order in this case, if a violation indeed occurred, it would certainly be of great interest to the court.

For these reasons, the Court agrees with AFC that further discovery on this issue is relevant and likely to uncover relevant evidence. Therefore, AFC's motion to re-open discovery on a limited basis is granted.

**B. Plaintiff's Motion to Compel**

Plaintiff has filed a motion to compel supplemental discovery related to a previously served request for production. (Dkt. #266-1.) Specifically, plaintiff sought, and was provided with "AFC's reports or spreadsheets showing the revenue from each of the franchisees in Plaintiff's Master Territory for the period of December 2020 through October 2021." (Dkt. #266-1 at 4.) Since the trial has been delayed a number of years,

plaintiff is now seeking to have AFC supplement the information that AFC produced earlier by providing plaintiff with updated reports or spreadsheets through the present date.  AFC has objected to the motion to compel, arguing that plaintiff included a specific end date on the request for production and AFC produced complete and accurate information to plaintiff through the end date.  Thus, supplementation is not required.

While under Federal Rule 26(e) a party who has responded to a discovery request must supplement "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. . ." Fed. R. Civ. P. 26(e)(1)(A).  Plaintiff's current interpretation "tortures the meaning and purpose of Rule 26(e) to obtain documents that are not within the original scope of h[is] discovery request." *See e.g.*, <u>McKinney v. Connecticut</u>, No. 3:06CV2055 WWE, 2011 WL 166199, at *2 (D. Conn. Jan. 19, 2011) <u>aff'd sub nom.</u> <u>McKinney v. Dep't of Transp., Conn.</u>, 487 Fed. Appx. 605 (2d Cir. 2012); *see also* <u>Hnot v. Willis Grp. Holdings Ltd.</u>, No. 01 CIV. 6558 (GEL), 2006 WL 2381869, at *5 (S.D.N.Y. Aug. 17, 2006)(where the discovery request at issue requested the party to produce information "through December 31, 2001,"

the court held that "there is no general duty to produce post-2001 database information, for which there was never any enforceable request for production (or corresponding duty to disclose) in the first place.").  As in McKinney and Hnot, plaintiff's request was temporally limited (i.e., "December 2020 through October 2021.").  No argument has been made that AFC's responses covering the period between December 2020 through October of 2021 were incomplete or otherwise inadequate at the time of production.  Where plaintiff limited the discovery request to a specific time period, terminating in October of 2021, the request does not reach any information beyond plaintiff's chosen end date.

Plaintiff attempts to argue that the language contained in the instructions and definitions/rules of construction broaden the specifically articulated time period that plaintiff included in his discovery request. (Dkt. #266-1 at 4-5.)  Specifically, plaintiff cites paragraph nine of the instructions section which states that the requests for production are "deemed continuing so as to require supplemental answers or responses if further information is obtained between the time of the responses hereto and the time of trial."  The Court reads this paragraph to state the same general principle as Rule 26(e), if new information related to the requested time period (i.e., December 2020

11

through October 2021) becomes available then the responding
party is required to supplement the discovery response.
Further, plaintiff cites definition four, which states that
"[t]he time period for which discovery is sought is January 1,
2017 to the present date."[2]  This definition does not rescue
plaintiff here.  It would be unreasonable to read that clause to
mean that a discovery request that includes a specific date
restriction should be interpreted in a manner that ignores the
date restriction and, instead, implicitly means "through the
date of trial," despite the fact that the requesting party did
not include such language.

Plaintiff's counsel is experienced, if plaintiff's counsel
wanted the discovery request be temporally open ended, plaintiff
could have included language to that effect or could have
refrained from including any end date at all.[3]  However, counsel
chose to do the opposite by including a specific end date of
October of 2021.  Further, plaintiff could have, in the face of

---

[2] Additionally, as the Honorable Gerard E. Lynch observed in Hnot v. Willis
Grp. Holdings, Ltd., No. 01 CIV. 6558 (GEL), 2006 WL 2381869, at *5 (S.D.N.Y.
Aug. 17, 2006), "[a] statement referring to 'the present' generally does not
refer to any moment in time beyond when the statement was made."  Judge Lynch
further explained that "[][t]he same logic applies to discovery requests;
thus, a discovery request dated January 16, 2002, for documents extending "to
the present" only requires production of documents in existence on or before
January 16, 2002.[] If plaintiffs intend to refer to the future, they must
use language that makes that clear." Id.

[3] This would enable the responding party to make a timely objection to the
longer time period if the responding party thinks the additional information
would not be relevant or would create an undue burden.

delays in this matter, sought to compel supplemental responses at earlier times.  However, plaintiff did not.  Therefore, plaintiff's motion to compel is denied.

### **Conclusion**

The Court has concluded that AFC was sufficiently diligent in this instance and the other factors considered do not weigh sufficiently in plaintiff's favor.  Therefore, for the foregoing reasons, AFC's Motion to Reopen discovery for a limited purpose is (Dkt. #252) is GRANTED.  Discovery will be reopened for the limited purpose articulated in AFC's motion and will only be open for 45 days from the date of this order.  Additionally, Plaintiff's Motion to Compel is DENIED based on the reasons articulated in this ruling.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 27th day of August, 2024 at Hartford, Connecticut.

_____/s/_____
Robert A. Richardson
United States Magistrate Judge